Dear Colonel May:
This responds to your request for an opinion of this office regarding the Master Cooperative Agreement between the Military Department and the National Guard Bureau pertaining to the transfer and execution of funding from the federal government.
Under Section 1102 of the Agreement, the State is required to furnish an opinion of counsel by the state's highest legal officer concerning the authority of the State to enter into the Master Cooperative Agreement.
Section 1102 of the National Guard Bureau Master Cooperative Agreement reads as follows:
 Section 1102. Opinion of Counsel.
 Concurrent with its execution of this MCA, the State shall furnish an opinion of counsel by the highest legal officer of the State, or his or her designee, that:
 a. The State has the requisite authority to enter into this MCA;
 b. The State can make the warranty set forth in Section 1101;
 c. The State is empowered to assume the responsibilities and obligations the State proposes to undertake under this MCA;
 d. The provisions of the MCA intended to secure the interests of NGB are enforceable according to their terms;
 e. The execution of this MCA has been duly authorized; and
 f. That the individual signing this MCA on behalf of the State has the requisite legal authority to bind and obligate the State.
This section is preceded by Section 1101, entitled "Legal Authority" which provides a general warranty by the signatory state, as follows:
 Section 1101. Legal Authority.
 The State represents and warrants that it is under no existing or foreseeable legal disability that would prevent or hinder it from fulfilling the terms and conditions of this MCA. The State shall promptly notify NGB of any legal impediment that arises during the term of this MCA that may prevent or hinder the State's fulfillment of its obligations under this MCA.
Additionally, in the "Execution" portion of the Agreement, the State of Louisiana agrees to the terms and conditions contained in the Agreement, including the Section 1101 warranty.
Based upon our review of the Agreement and applicable legal authorities, we conclude that the State of Louisiana is under no existing or foreseeable legal disability that would prevent or hinder it from fulfilling the terms and conditions of the Agreement entered into with the National Guard Bureau. Should any legal impediment arise during the term of the Agreement that might prevent or hinder the State's fulfillment of its obligations, the State may take immediate action to inform the National Guard Bureau of the impediment, as required by Section 1101.
We further conclude that the State of Louisiana is empowered by its Constitution and statutes to assume the responsibilities and obligations proposed to be undertaken by the Agreement and is bound by its terms.
Under Louisiana law, the Adjutant General has control of the Military Department, subject to the orders of the Governor, and performs the duties pertaining to the office of Adjutant General under the laws of Louisiana and applicable federal law and regulations.
The statutory law of Louisiana specifically provides, in part, that:
 * * *
 G. The adjutant general shall have the power and authority to engage in programs, operations, and military affairs and to provide services to the United States of American and the state of Louisiana and its political subdivisions, and may initiate such other operations, programs, and activities with respect thereto as may be deemed advisable; he may enter into contracts for labor, goods, and services to the United States and it agencies for any operation, program, or activity authorized by state or federal law. * * *
 H. The adjutant general shall have full power and authority to sign all contracts, papers, deeds, leases, agreements, and cooperative endeavors and to do all acts necessary and proper to accomplish any and all acts necessary or incidental to the operation of the military department.
 See La. R.S. 29:11 (G) and (H).
Therefore, Major General Bennett C. Landreneau, Adjutant General, has full power and authority to enter into the Agreement on behalf of the State. See La. R.S. 29:11.
It is, therefore, the opinion of this office that the execution of this Agreement is within the authority of the Adjutant General, who has "the requisite legal authority to bind and obligate" the State of Louisiana to the terms of this Agreement.
We hope that this opinion is of assistance, and ask that you contact us if we may be of further help.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _______________________________ GARY L. KEYSER Assistant Attorney General
RPI:GLK:jv